# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

THERESA CINEUS, as
Personal Representative of the
ESTATE OF GAMALIEL CINEUS,

    Plaintiff,

v.

CASE NO.:
8:21-cv-01659-MSS-SPF

STATE OF FLORIDA,
DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

## CENTURION DEFENDANTS' MOTION FOR SANCTIONS

Pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and this Court's inherent power, Defendant Centurion of Florida, LLC ("Centurion") and Nurse Vincent Gonzalez (collectively with Centurion, the "Centurion Defendants") move for sanctions against Plaintiff Theresa Cineus's ("Plaintiff") counsel, Mr. Jerry Girley, and states as follows:

## INTRODUCTION

"[A]ttorneys are the filter upon which courts rely to maintain the integrity of, and trust in, our judicial process." Peer v. Lewis, 606 F.3d 1306, 1316 (11th Cir. 2010). Plaintiff's counsel, Mr. Girley, has broken that trust. Mr. Girley filed frivolous pleadings and filings alleging the Centurion Defendants violated the constitutional rights of Gamaliel Cineus, who died while in the custody of the Florida Department

of Corrections. In doing so, Mr. Girley misrepresented and ignored the evidence for at least three years. Most recently, Mr. Girley prepared and filed a supplemental summary judgment brief that is rife with misrepresentations of the medical care Mr. Cineus received and is otherwise dependent on arguments wholly lacking evidentiary support. See Ex. A. To maintain the integrity of the court and the judicial process, this Court should sanction Mr. Girley for his frivolous, bad faith filings and order him to pay the Centurion Defendants' reasonably incurred attorneys' fees and costs.

## **BACKGROUND**

On December 26, 2018, Mr. Cineus died from a pulmonary embolism while in the custody of the Florida Department of Corrections ("FDOC").

On July 2, 2020, Mr. Girley filed this lawsuit on behalf of Plaintiff, the personal representative of Mr. Cineus's estate. Centurion removed the case to the Northern District of Florida, which eventually transferred the case to this Court. This Court granted Centurion's motion to dismiss and gave Plaintiff an opportunity to file a Third Amended Complaint ("TAC"), which was filed in October 2021.

Upon review, Centurion determined the TAC contained numerous inaccuracies regarding Mr. Cineus's medical treatment. Centurion pointed out these inaccuracies in its motion to dismiss the TAC, attaching the relevant medical records that refuted the TAC's allegations. ECF No. 32. Those inaccuracies are summarized in the attached **Appendix B**. Ex. B.

Rather than correcting the obvious deficiencies in the TAC, Mr. Girley doubled down. He argued this Court could not consider "the truthfulness of the allegations"

and, instead, "must consider all allegations as true." ECF No. 33 at 2. To be clear, at this point, Mr. Girley had Mr. Cineus's medical records that refuted the TAC's allegations, and he pointed to no other factual support for the TAC's allegations.

This Court declined to consider the medical records refuting the TAC's allegations, noting Plaintiff could prove her allegations with evidence outside the medical records. ECF No. 34. But that other evidence never came.

At summary judgment, the Centurion Defendants relied on the unrefuted evidence in Mr. Cineus's medical records to argue Mr. Cineus received constitutionally adequate care and that the Centurion Defendants were not deliberately indifferent. ECF No. 53. The Centurion Defendants also argued that Plaintiff's failure to disclose an expert entitled them to judgment because Plaintiff was required to provide medical expert opinions on issues such as causation. Id.

In response, Plaintiff, through Mr. Girley, did not put forth evidence contradicting the medical records. ECF No. 56. Instead, Mr. Girley misrepresented the contents of the medical records or made arguments lacking record support. ECF No. 59 at 2–7 (arguing summary judgment response was not supported by evidence).

Following the Wade v. McDade, 106 F.4th 1251 (11th Cir. 2024) decision that clarified the deliberate indifference standard, this Court ordered supplemental summary judgment briefing. ECF No. 62. In his supplemental briefing, Mr. Girley continues his pattern of misrepresenting the record evidence and making arguments lacking evidentiary support. ECF No. 64. The Centurion Defendants have endeavored

to capture each of those misrepresentations or unsupported statements in **Appendix A**, several of which are highlighted below to explain the severity of the issue. Ex. A.

- Mr. Girley argues Mr. Cineus complained about shortness of breath on October 18 and October 23. ECF No. 64 at 4 (citing ECF No. 64-2).

  - The evidence shows Mr. Cineus had a follow-up appointment on October 18 about migraines, and that Mr. Cineus submitted a medical inmate request on October 23 complaining about headaches. ECF No. 53-1 at 85. Neither the cited record nor any other evidence mentions shortness of breath on October 18 or 23. ECF No. 53-1 at 84–85; ECF No. 64-2.

- Mr. Girley argues Nurse Gonzalez treated Mr. Cineus on October 30 and November 9, but that Nurse Gonzalez took no action to diagnose or treat Mr. Cineus. ECF No. 64 at 4–5 (citing ECF No. 64-3).

  - Nurse Gonzalez attempted to assess Mr. Cineus on October 30, but Mr. Cineus refused treatment because he had a "plumbing class." ECF No. 53-1 at 37, 82. Similarly, on November 9, Mr. Cineus refused treatment when Nurse Gonzalez attempted to assess him. ECF No. 53-1 at 37, 82; ECF No. 64-4 at 5.

- Mr. Girley argues Mr. Cineus complained of shortness of breath on November 26, and claims Nurse Gonzalez again took no action to diagnose or treat Mr. Cineus. ECF No. 64 at 5–6 (citing ECF No. 64-6).

  - Mr. Cineus's sick-call request shows he complained of "flu like symptoms," not shortness of breath. ECF No. 53-1 at 73; ECF No. 64-6 at 4. During the assessment, Nurse Gonzalez noted that Mr. Cineus did not appear to be short of breath or in respiratory distress. ECF No. 53-1 at 71–72; ECF No. 64-6 at 2–3. Moreover, Nurse Gonzalez gave Mr. Cineus cold medicine as treatment for his complaints. *Id.*

- Mr. Girley argues Mr. Cineus "became increasingly weaker and required a wheelchair to move around." ECF No. 64 at 10 (citing no evidence).

  - There is no record evidence Mr. Cineus required a wheelchair while at Polk Correctional Institution. Even on the day he died, Mr. Cineus declared a medical emergency and reported to the medical department "ambulatory," meaning walking. ECF No. 53-1 at 53.

- Mr. Girley also repeatedly argues that the treatment Mr. Cineus received was below the standard of care. See ECF No. 64 at 11–13 (citing no evidence).
    - Plaintiff never disclosed an expert to offer a standard of care opinion, so the argument is unsupported by any record evidence.
- Mr. Girley argues medical staff "threaten[ed] to place [Mr. Cineus] in solitary confinement to dissuade Cineus from seeking further medical assistance." ECF No. 64 at 12 (citing no evidence).
    - There is no record evidence to support this statement.

These are just a smattering of the of the numerous arguments Mr. Girley made in his latest filing that are either refuted by the record evidence Mr. Girley cites or that are wholly without evidentiary support.

In a last-ditch effort to avoid the filing of this Motion, Centurion provided a copy of it to Mr. Girley on November 6, 2024. **Ex. C, Safe Harbor Letter**. Plaintiff's counsel refused to dismiss the frivolous claim against Centurion.

## LEGAL STANDARD

**A. Standard for Imposing Rule 11 Sanctions.**

Federal Rule of Civil Procedure 11(c) empowers the court to grant sanctions against a party or its attorney for frivolous filings. Fed. R. Civ. P. 11(c)(1) ("the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."). "The purpose of Rule 11 is to deter baseless filings in district court and thus streamline the administration and procedure of federal courts." Peer v. Lewis, 606 F.3d 1306, 1311 (11th Cir. 2010). "The rule requires that an attorney or unrepresented party filing a pleading certify that the filing is not presented 'for any improper purpose,' such as 'to harass … or needlessly increase

5

the cost of litigation' and that 'factual contentions have evidentiary support.'" Powrzanas v. Jones Util. & Contracting Co., 834 F. App'x 500, 507 (11th Cir. 2020).[1]

To effectuate this purpose, Rule 11 "stresses the need for some prefiling inquiry." Mike Ousley Prods., Inc. v. WJBF-TV, 952 F.2d 380, 382 (11th Cir. 1992) (cleaned up). "The reasonableness of the prefiling inquiry may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the underlying facts; and whether the paper was based on a plausible view of the law." Jones v. Int'l Riding Helmets, Ltd., 49 F.3d 692, 695 (11th Cir. 1995). "If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound." Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996). And "Rule 11 emphasizes an attorney's continuing obligation to make inquiries, and thus the rule allows sanctions when an attorney continues 'insisting upon a position after it is no longer tenable.'" Battles v. City of Ft. Myers, 127 F.3d 1298, 1300 (11th Cir. 1997).

In considering Rule 11 sanctions, the questions before the Court are: "(1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous." Peer, 606 F.3d at 1311. In answering these questions, "[t]he district court must 'determine whether a reasonable [party] in like circumstances could believe his actions were factually and

---

[1] Though not binding, the Centurion Defendants cite unpublished opinions in this motion as persuasive authority. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

legally justified.'" Vient v. Highlands News-Sun, 829 F. App'x 407, 409 (11th Cir. 2020) (quoting Kaplan v. DaimlerChrysler, A.G., 331 F.3d 1251, 1255 (11th Cir. 2003)). This "objective standard for assessing conduct under Rule 11 is reasonableness under the circumstances and what it was reasonable to believe at the time the pleading was submitted." EMI Sun Vill., Inc. v. Catledge, 779 F. App'x 627, 639 (11th Cir. 2019).

In doing so, "[t]he court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." Peer, 606 F.3d at 1311. While the Court should consider what was known when a filing was made, "[t]he commentary specifically notes that 'if evidentiary support is not obtained after a reasonable opportunity for further investigation or discovery, the party has a duty under the rule not to persist with that contention.'" Id.

Finally, "[s]anctions are warranted when a party exhibits a deliberate indifference to obvious facts, but not when the party's evidence to support a claim is merely weak." EMI Sun Vill., 779 F. App'x at 639.

**B. Standard for Sanctions under § 1927 and Court's inherent authority.**

Under both 28 U.S.C. § 1927 and a court's inherent authority, courts can sanction a party that acts in bad faith. Hyde v. Irish, 962 F.3d 1306, 1310 (11th Cir. 2020). Under § 1927, "the party moving for sanctions must show *objective bad faith*," which generally requires showing knowing or reckless conduct by the party's attorneys. Id. So courts can sanction an attorney under § 1927 who pursues a frivolous claim in bad faith. Silva v. Pro Transp., Inc., 898 F.3d 1335, 1340 (11th Cir. 2018).

7

On the other hand, sanctions under the court's inherent authority requires a showing of *subjective* bad faith, which can be proved "(1) with direct evidence of the attorney's subjective bad faith or (2) with evidence of conduct 'so egregious that it could only be committed in bad faith.'" Id. (quoting Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1223 (11th Cir. 2017)).

## ARGUMENT

The Court should sanction Mr. Girley under Rule 11, § 1927, and its inherent powers because Plaintiff's claims are factually and legally frivolous and Mr. Girley knew or should have known so since at least the filing of the TAC.

**A. Sanctions under Rule 11.**

Since at least the filing of the TAC on October 27, 2021—more than three years ago—Mr. Girley has misrepresented facts to this Court. As outlined in Appendix B, Mr. Girley referenced medical records in the TAC and then misstated what those records said.[2] Indeed, Centurion filed those records when moving to dismiss the TAC, at which time Mr. Girley was required to investigate whether the facts then known to him supported Plaintiff's claim. Ellis v. Beemiller, Inc., 287 F.R.D. 326, 338 (W.D. Pa. 2012) (concluding Rule 11 reasonable inquiry requirement was violated where medical record refuted allegations that shrapnel went through plaintiff's hand). But instead of

---

[2] For instance, Mr. Cineus references an August 5, 2018 medical encounter Mr. Cineus had in which he alleged Mr. Cineus complained about "chest pain, abdominal pain, and shortness of breath." ECF No. 30 at ¶ 48. The evidence, though, shows Mr. Cineus declared a medical emergency for shoulder pain but refused treatment. ECF No. 32-1 at 41, 103. Mr. Cineus then submitted a sick call the next day (August 6) complaining that "I was working out yesterday and I think I tore my shoulder out of[] place." Id. at 102. Mr. Girley never presented evidence supporting this demonstrably false allegation.

8

reviewing the medical records and any other evidence he relied on when preparing the TAC, Mr. Girley shirked his duties and argued the Court "must consider all allegations as true"—even though he should have known they were not. ECF No. 33 at 2.

That Mr. Girley was knowingly misrepresenting the facts is further supported by his summary judgment briefing. In response to the Centurion Defendants' summary judgment motion, which was supported by the same medical records Centurion attached to its motion to dismiss, Mr. Girley provided no evidence that was consistent with the allegations of the TAC. ECF No. 56. Instead, he, too, relied on the same medical records the Centurion Defendants attached to their motion. Id. As such, it is now apparent that the allegations in the TAC were based on Mr. Cineus's medical records—not some other source of evidence as this Court posited when ruling on the Centurion Defendants' motion to dismiss. And because the TAC's allegations misstate those very records, the Court should conclude Mr. Girley's allegations were knowingly false and without any factual support, thus violating Mr. Girley's reasonable investigation requirements under Rule 11. Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1294 (11th Cir. 2002) (explaining Rule 11 sanctions are appropriate when a pleading "is not well-grounded in fact, i.e., has no reasonable factual basis").

But Mr. Girley has gone even one step further. In his supplemental summary judgment briefing, he doubles down on fictious facts and unsupported argument in an attempt to avoid judgment. See Ex. A. Mr. Girley repeats many of the allegations from the TAC that, by the time initial summary judgment briefing was completed, had been shown to be inaccurate. Id. There is no reasonable explanation for Mr. Girley's

misrepresentations about what complaints Mr. Cineus made to medical staff and what treatment he received since Mr. Girley's supplemental filing cites the same medical records the Centurion Defendants have relied upon all along.

It is not just Mr. Girley's misrepresentation of the facts, though, that warrants sanctions; the unsupported inferences he asks the Court to make from the erroneous facts render the entire case a sham. Mr. Girley built Plaintiff's case on the premise that Mr. Cineus had symptoms like shortness of breath since May 2018,[3] but those allegations lack evidentiary support. Building on those false allegations, Mr. Girley argues Mr. Cineus's fictitious symptoms were caused by blood clots. But Mr. Girley offered no evidence blood clots would have caused Mr. Cineus's fictitious symptoms. Mr. Girley then relies on the false inferences based on fictious facts to argue the Centurion Defendants failed to provide adequate care to Mr. Cineus, causing his death—even though there is no record evidence Mr. Cineus had a blood clot any time before the day he died.

Additionally, Mr. Girley knew medical expert testimony was necessary to prove Plaintiff's claims that the medical treatment Mr. Cineus received—either as documented in his medical records or as made up by Mr. Girley—was inadequate. Pearson v. Prison Health Serv., 850 F.3d 526, 535 (3d Cir. 2017) (noting an Eighth Amendment claim will not lie "absent evidence that [the prisoner's medical treatment] violates professional standards of care."); Johnson v. Kats-Kagan, No. 5:06CV92RSMD,

---

[3] The first documented complaint of shortness of breath from Mr. Cineus at Polk Correctional Institution was on October 30, 2018. ECF No. 53-1 at 83.

2007 WL 2176004, at *4–5 (N.D. Fla. July 25, 2007), aff'd sub nom. Johnson v. McNeil, 278 F. App'x 866 (11th Cir. 2008) (explaining summary judgment is required when a plaintiff "has made no effort to support h[is] allegations with a medical opinion"). Yet Mr. Girley never disclosed an expert.

The lack of an expert medical opinion has not dissuaded Mr. Girley, who instead tries to substitute the need for an expert opinion with his unsupported argument that Mr. Cineus received inadequate medical care. To be clear, any statement that Mr. Cineus received inadequate medical care is merely the unsupported argument of Mr. Girley—not evidence. United States v. Smith, 918 F.2d 1551, 1562 (11th Cir. 1990) ("[S]tatements and arguments of counsel are not evidence.")

As demonstrated above, Mr. Girley pursued claims based on misstated and made-up facts lacking evidentiary support. As the Eleventh Circuit has instructed, "the district court should keep in mind that attorneys are the filter upon which courts rely to maintain the integrity of, and trust in, our judicial process." Peer, 606 F.3d at 1316. Mr. Girley's misrepresentations and unsupported claims not only violate Rule 11, but also undermine the integrity of the judicial process. Sanctions are appropriate.

**B. Sanctions under § 1927.**

There are three requirements to impose sanctions under § 1927:

> First, the attorney must engage in "unreasonable and vexatious" conduct. Second, that "unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings." Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, i.e., the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

11

*Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) (quoting *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)). Because Mr. Girley has multiplied this litigation through his bad faith conduct of knowingly misrepresenting facts and pursuing unsupported arguments, sanctions commensurate with the expenses associated with the excess proceedings are appropriate under § 1927.

As discussed supra, that Mr. Girley misrepresented the facts in the TAC and his supplemental summary judgment briefing is apparent based on the very records to which he cites. Exs. A and B. Beyond that, it is now apparent Mr. Girley never had an alternative source of evidence when he drafted the TAC; rather, the misrepresented facts in the TAC and in Mr. Girley's latest filing were all premised on Mr. Cineus's medical records. Thus, Mr. Girley began knowingly misrepresenting the facts of this case more than three years ago, which rises to the level of bad faith required to impose sanctions. *Hyde*, 962 F.3d at 1310; *Amlong*, 500 F.3d at 1241 ("[A] district court may impose sanctions for egregious conduct by an attorney even if the attorney acted without the specific purpose or intent to multiply the proceedings.").

Moreover, Mr. Cineus's actions have multiplied these proceedings. *Peer*, 606 F.3d at 1314 ("[U]nder section 1927 attorneys are obligated to avoid dilatory tactics throughout the entire litigation."). Had Mr. Girley correctly represented Mr. Cineus's complaints and the medical providers' responses to them, he would not have been able to make out a claim for deliberate indifference since there is no evidence Mr. Cineus suffered from a pulmonary embolism at any time before the day he died. Moreover, it is apparent Mr. Girley is still attempting to multiply these proceedings, as evidenced

by his supplemental summary judgment briefing. In it, Mr. Girley misrepresents or completely makes up facts to avoid summary judgment being entered, thus multiplying these proceedings. Ex. B. So both requirements for imposing sanctions are satisfied.

Because Mr. Girley acted in bad faith and multiplied these proceedings, this Court should sanction Mr. Girley by requiring him to pay the Centurion Defendants' attorneys' fees from the date the TAC was filed forward.

**C. Sanctions under inherent powers.**

Lastly, this Court has authority to enter sanctions under its inherent powers based on Mr. Girley's bad faith litigation. "While the other sanction mechanisms only reach certain individuals or conduct, 'the inherent power extends to a full range of litigation abuses' and 'must continue to exist to fill in the interstices.'" *Peer*, 606 F.3d at 1314 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46, 111 S.Ct. 2123, 2134, 115 L.Ed.2d 27 (1991)).

To avoid belaboring the point further, the Centurion Defendants simply note Mr. Girley has knowingly misrepresented the facts to this Court for more than three years. Exs. A and B. That Mr. Girley's conduct was committed knowingly—and, thus, evidences subjective bad faith—is demonstrated because the only evidence of the treatment Mr. Cineus received that Mr. Girley has produced is the very medical records that refute his fictitious facts. Mr. Girley cannot reasonably point to Mr. Cineus's medical records and contend that they are consistent with the representations in the TAC and his summary judgment filings. Accordingly, this Court should invoke its inherent power to sanction Mr. Girley for his misconduct.

## CONCLUSION

Mr. Cineus's death was tragic. But the fact that he died is an insufficient basis upon which to sue the Centurion Defendants for deliberate indifference—especially in light of the documented medical treatment he received and the absence of any evidence that such treatment violated the standard of care. Accordingly, the Court should sanction Mr. Girley under Rule 11, § 1927, and/or its inherent power.

Respectfully Submitted,

s/ Jacob Hanson
Brian A. Wahl (FBN 95777)
Jacob B. Hanson (FBN 91453)
BRADLEY ARANT BOULT CUMMINGS LLP
1001 Water Street, Suite 1000
Tampa, Florida 33602
Tel: (813) 559-5500
Primary: bwahl@bradley.com
Primary: jhanson@bradley.com
Attorneys for Florida Department of Corrections, Centurion of Florida, LLC, and Vincent Gonzalez

## CERTIFICATE OF PRE-FILING SERVICE

Pursuant to Federal Rules of Civil Procedure 5 and 11, I hereby certify that on November 6, 2024, I served the foregoing motion on counsel of record for Plaintiff via e-mail.

s/ Jacob Hanson
Jacob B. Hanson

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Defendants certifies that he attempted to confer with counsel for Plaintiff via e-mail on November 6, 2024, providing Plaintiff's counsel a copy of the motion and inviting him to advise when he was available for a call to discuss. Plaintiff's counsel did not respond.

Undersigned counsel attempted to confer with counsel for Plaintiff via e-mail again on December 3, 2024, again providing a copy of this motion and asking if Plaintiff's counsel would like to discuss. Again, Plaintiff's counsel did not respond.

Pursuant to Local Rule 3.01(g)(3), undersigned counsel will continue to try to confer with Plaintiff's counsel regarding this motion and will advise the Court within three days of the outcomes of those additional attempts.

                                                s/ Jacob Hanson
                                                Jacob B. Hanson