UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**THERESA CINEUS,**

    **Plaintiff,**

v.                                      **Case No. 8:21-cv-1659-MSS-SPF**

**FLORIDA DEPARTMENT OF CORRECTIONS,** *et al.*,

    **Defendants.**

_____/

**O R D E R**

Cineus, on behalf of the Estate of Gamaliel Cineus, sues the Florida Department of Corrections, Centurion of Florida, LLC, and Vincent Gonzalez for federal civil rights violations. (Doc. 30) The Defendants moved for summary judgment. (Docs. 52 and 53)

An earlier order stayed and administratively closed the case and directed the parties to submit supplemental briefs applying the new standard in *Wade v. McDade*, 106 F.4th 1251 (11th Cir. 2024), to Cineus's deliberate indifference claims. (Doc. 62) The parties submitted the supplemental briefs. (Docs. 63, 64, and 65) The Court is presently reviewing the supplemental briefs.

The Defendants move, under Rule 11, Federal Rules of Civil Procedure, and 28 U.S.C. § 1927, for sanctions. (Doc. 67) The Defendants contend that Cineus's third amended complaint and supplemental brief contain misrepresentations. (Doc. 67 at 4–5) Attached to the motion is a safe harbor letter that the Defendants sent by e-mail to counsel for Cineus. (Doc. 67-3)

"[A motion for sanctions] must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within twenty-one days after service . . . ." Fed. R. Civ. P. 11(c)(2). "Because of the penal nature of the rule, the procedural requirements of Rule 11 are strictly construed." *Robinson v. Alutiq-Mele, LLC*, 643 F.Supp.2d 1342, 1350 (S.D. Fla. 2009). Rule 5(b)(2)(E) permits a party to accomplish service by e-mail but requires written consent by the person upon whom the document is served:

> A paper is served under this rule by [ ] sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing — in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served.

The Defendants' safe harbor letter states that the letter was delivered "[v]ia e-mail only" (Doc. 67-3 at 2) but does not state that counsel for Cineus provided written consent to receive the letter by e-mail. Consequently, the Defendants' motion for sanctions is procedurally deficient. *O'Neal Constructors, LLC v. DRT America, LLC*, 991 F.3d 1376, 1379–80 (11th Cir. 2021) ("An advisory committee note to [Rule 5] states that the written consent 'must be express, and [it] cannot be implied from conduct.' We think that note is right. Under Rule 5 service by email, which is an 'other electronic means' permitted by the rule, was appropriate if, but only if, O'Neal expressly consented in writing to be served by email.") (citations omitted).

Also, *Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987), explains that a district court ordinarily does not rule on a motion for sanctions until the end of a case:

> Although the timing of sanctions rests in the discretion of the trial judge, "it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the

end of the litigation, and in the case of motions at the time when the motion is decided or shortly thereafter." Advisory Committee Note to Rule 11, as amended in 1983.

"[I]f the challenged conduct is that there is no factual support for the institution of the action itself or occurs during a hearing or at trial, the question of whether there has been a Rule 11 violation generally should not be decided until after the litigation is completed." Wright & Miller, Federal Practice and Procedure Civil § 1337.1 (4th ed.). *See also Vendeventer v. Wabash Nat'l Corp.*, 893 F. Supp. 827, 846 (N.D. Ind. 1995) ("[T]he determination of what are truly excess costs, expenses, and attorney fees [under Section 1927] cannot be determined until the close of the litigation. In addition, Section 1927 has been interpreted to impose a continuing obligation on attorneys to dismiss claims that are no longer viable. Given this 'continuing obligation' it is normally best to wait until the end of the litigation to precisely determine what claims were non-viable as well as when it was that they became non-viable.").

Because the Defendants contend that Cineus's third amended complaint and her supplemental brief contain misrepresentations, and the motions for summary judgment are pending, the Defendants' motion for sanctions is premature. Accordingly, the Defendants' motion (Doc. 67) for sanctions is **DENIED** without prejudice. If the Defendants prevail on summary judgment, and counsel for the Defendants can certify to the best of his knowledge, information, and belief that sanctions are warranted, the Defendants may re-file a motion for sanctions after strictly complying with the requirements in Rule 11. *See Huggins v. Lueder, Larkin & Hunter, LLC*, 39 F.4th 1342, 1348 (11th Cir. 2022) ("If a party fulfills the safe harbor requirement by serving a Rule 11 sanctions motion at least twenty-one days before final judgment, then she may file that motion after the judgment is entered.").

**DONE AND ORDERED** in Tampa, Florida on March 7, 2025.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE